# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| | ) | |
| IN RE:  YASMIN AND YAZ | ) | **3:09-md-02100-DRH-PMF** |
| (DROSPIRENONE) MARKETING, SALES | ) | |
| PRACTICES AND PRODUCTS LIABILITY | ) | **MDL No. 2100** |
| LITIGATION | ) | |
| | ) | |

**This Document Relates to:**

| | |
|---|---|
| *Janet Atkins v.*<br>*Bayer Healthcare Pharmaceuticals Inc.* | No. 3:13-cv-10172-DRH-PMF |
| *Jennifer Boyd, et al. v. Bayer Corp., et al.*[1] | No. 3:12-cv-11687-DRH-PMF |
| *Polly Brigham, et al. v. Bayer Corp., et al.*[2] | No. 3:12-cv-11686-DRH-PMF |
| *Elizabeth Celestino v. Bayer Corp., et al.* | No. 3:13-cv-10125-DRH-PMF |
| *Teresa Collins, et al. v. Bayer Corp., et al.*[3] | No. 3:13-cv-10035-DRH-PMF |
| *Kelli Frye v.*<br>*Bayer Healthcare Pharmaceuticals Inc.* | No. 3:13-cv-10038-DRH-PMF |
| *Kimberly Goodson, et al. v. Bayer Corp., et al.*[4] | No. 3:13-cv-10036-DRH-PMF |
| *Lucretia Gordon v. Bayer Corp., et al.* | No. 3:13-cv-10078-DRH-PMF |
| *Natasha Harris, et al. v. Bayer Corp., et al.*[5] | No. 3:12-cv-11688-DRH-PMF |

---

[1] This motion applies only to plaintiffs Murinner Knight, Brandi Martin, Shameka Wall and Phyllis Williams.

[2] This motion applies only to plaintiffs Polly Brigham, Ronda Hill, Leslie Moore and Tarniecha Queen.

[3] This motion applies to all plaintiffs in the *Collins* case: Teresa Collins, Tameka Dobson, Jameka Manning, Hazel Prophet, and Joada Williams.

[4] This motion applies only to plaintiffs Kesha Calhoun, Monica Day, Kimberly Goodson, and D.T., a minor, by Peccola Taylor.

[5] This motion applies to all plaintiffs in the *Harris* case: Nikki Deloach, Denita Fitzgerald, Natasha Harris, Alexis Raiford and Brittany Thomas.

| | |
|---|---|
| *Jamella Hollis v.*<br>*Bayer Healthcare Pharmaceuticals Inc.* | No. 3:13-cv-10039-DRH-PMF |
| *Kimya Johnson v.*<br>*Bayer Healthcare Pharmaceuticals Inc.* | No. 3:13-cv-10151-DRH-PMF |
| *Jill Kerley v.*<br>*Bayer Healthcare Pharmaceuticals Inc.* | No. 3:13-cv-10152-DRH-PMF |
| *Daisy Luna, et al. v. Bayer Corp., et al.*[6] | No. 3:13-cv-10028-DRH-PMF |
| *Maggie Lynch v.*<br>*Bayer Healthcare Pharmaceuticals Inc.* | No. 3:13-cv-10040-DRH-PMF |
| *Stephanie Madrigal, et al. v. Bayer Corp., et al.*[7] | No. 3:13-cv-10025-DRH-PMF |
| *Caroline Ojeda, et al. v. Bayer Corp., et al.*[8] | No. 3:13-cv-10031-DRH-PMF |
| *Jamie Parish, et al. v. Bayer Corp., et al.*[9] | No. 3:12-cv-11641-DRH-PMF |
| *Shantel Roberts, et al v. Bayer Corp., et al.*[10] | No. 3:13-cv-10030-DRH-PMF |
| *Patricia Salazar, et al v. Bayer Corp., et al.*[11] | No. 3:12-cv-11640-DRH-PMF |

## ORDER OF DISMISSAL WITHOUT PREJUDICE
### (Failure To Comply With PFS Obligations)

**HERNDON, Chief Judge:**

This matter is before the Court on the Bayer defendants' motion, pursuant

to Case Management Order 12 ("CMO 12")[12] for an order of dismissal, without

---

[6] This motion applies only to plaintiffs Nicole Smith and Kateria Taylor

[7] This motion applies only to plaintiffs Malkit Kaur, Stephanie Madrigal, Deanna Minter and Elaine Rocha.

[8] This motion applies to all plaintiffs in the *Ojeda* case: Maria Madrid, Nancy McNeal, Caroline Ojeda, Elizabeth Williams and Markitta Witcher.

[9] This motion applies to all plaintiffs in the *Parish* case: Carolyn Boggan, Tiffany Brown, Yvonne Carter, Maria Garcia and Jamie Parish.

[10] This motion applies to all plaintiffs in the *Roberts* case: Sonya Johns, Ann May, Hazel McCain, Shantel Roberts and Nacole Scale.

[11] This motion applies only to plaintiffs Porcia Crafter, Patricia Salazar, Desiree Smith and Natoya Smith.

prejudice, of the plaintiffs' claims in the above captioned cases for failure to comply with Plaintiff Fact Sheet ("PFS") obligations.[13]

Under Section C of CMO 12, each plaintiff is required to serve defendants with a completed PFS, including a signed declaration, executed record release authorizations, and copies of all documents subject to the requests for production contained in the PFS which are in the possession of plaintiff. Section B of CMO 12 further provides that a completed PFS is due "45 days from the date of service of the first answer to her Complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, whichever is later."

Accordingly, the plaintiffs in the above-captioned matters were to have served completed PFSs in June or July 2013 (*See e.g., Janet Atkins v. Bayer Healthcare Pharmaceuticals Inc.* No. 3:13-cv-10172-DRH-PMF Doc. 10-1).[14] Per Section E of CMO 12, Notice of Overdue Discovery was sent on August 29, 2013 (*See e.g., Janet Atkins v. Bayer Healthcare Pharmaceuticals Inc.* No. 3:13-cv-10172-DRH-PMF Doc. 10-2).[15] As of the filing of Bayer's motion to dismiss, Bayer

---

[12] The parties negotiated and agreed to CMO 12, which expressly provides that the discovery required of plaintiffs is not objectionable. CMO 12 § A(2).

[13] Bayer's motion also sought dismissal of *Tomekia Bush v. Bayer Healthcare Pharmaceuticals Inc.*No. 3:12-cv-11607-DRH-PMF, *Raquita Logan v. Bayer Healthcare Pharmaceuticals Inc.* No. 3:12-cv-11615-DRH-PMF, *Marlisia Mitchell v. Bayer Healthcare Pharmaceuticals Inc.* No. 3:12-cv-11612-DRH-PMF, *Evelyn Sims v. Bayer Healthcare Pharmaceuticals Inc.* No. 3:12-cv-11613-DRH-PMF, and *Teresa Wilkerson v. Bayer Healthcare Pharmaceuticals Inc.* No. 3:12-cv-11610-DRH-PMF. However, the motion was subsequently withdrawn as to these plaintiffs.

[14] Identical motions were filed in each of the above captioned cases. For ease of reference the Court refers to the motion and exhibits filed in *Janet Atkins v. Bayer Healthcare Pharmaceuticals Inc.* No. 3:13-cv-10172-DRH-PMF *(*Docs. 10, 10.1, 10.2).

[15] A similar case specific notice of over-due discovery was sent to each of the subject plaintiffs and is attached as an exhibit to Bayer's motion to dismiss in each of the above captioned member actions.

still had not received completed PFS materials from the plaintiffs in the above-captioned matters and the plaintiffs' PFS materials were more than three months overdue.

Under Section E of CMO 12, the **plaintiffs were given 14 days from the date of Bayer's motion** to file a response either certifying that they served upon defendants and defendants received a <u>completed</u> PFS, and attaching appropriate documentation of receipt or an opposition to defendant's motion.

To date, only one of the above captioned plaintiffs has filed a response to the motion to dismiss. Plaintiff Gordon (*Lucretia Gordon v. Bayer Corp., et al.* No. 3:13-cv-10078-DRH-PMF) filed a responsive pleading on November 20, 2013 asserting that she has complied with CMO 12 (Doc. 10). The defendants' replied acknowledging receipt of plaintiff Gordon's PFS but asserting the submitted PFS is grossly inadequate (Doc. 11). The defendants' note numerous deficiencies in plaintiff's Gordon's PFS (Doc. 11). Plaintiff Gordon does not contest the defendants' representations. Accordingly, the Court finds that plaintiff Gordon has not submitted a substantially complete PFS and is not in compliance with the requirements of CMO 12.

None of the remaining plaintiffs has filed a response. Accordingly, the Court finds that these plaintiffs have failed to comply with their PFS obligations under CMO 12.

**Therefore, the claims of the above captioned plaintiffs are hereby dismissed without prejudice.**

The Court reminds plaintiffs that, pursuant to CMO 12 Section E, **unless plaintiffs serve the defendants with a COMPLETED PFS or move to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a <u>Dismissal With Prejudice</u> upon defendants' motion**.

    **So Ordered:**

Digitally signed by
David R. Herndon
Date: 2014.02.03
17:59:11 -06'00'

**Chief Judge**                                                          **Date:  February 3, 2014**
**United States District Court**